JOHN-PATRICK M. FRITZ (Cal. State Bar No. 245240)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: JPF@LNBYB.COM

JONATHAN COVIN (Texas State Bar No. 24031975)
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney, Suite 100
Dallas, Texas 72504
Telephone: 214-692-6200; Facsimile: 214-692-6255
Email: jonathan.covin@wickphillips.com
Attorneys for CM EBAR, LLC and CM7 Capital Partners, LLC

**FILED & ENTERED**

**FEB 03 2016**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY steinber  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>S.B. Restaurant Co., et al.,<br><br>                    Debtors.<br><br>Affects:<br><br>☒  S.B. Restaurant Co.<br><br>                    Debtors.<br><br>CM7 Capital Partners, LLC and CM EBAR, LLC,<br>                    Plaintiffs<br>v.<br><br>Evershine VI, L.P., a California limited partnership,<br>                    Defendant.<br><br>Evershine VI, L.P., a California limited partnership,<br>                    Counterclaimant,<br>v.<br><br>CM7 Capital Partners, LLC and CM EBAR, LLC,<br>                    Counterdefendants. | Case No.: 8:14-bk-13778 (ES)<br><br>Chapter 11<br><br>Jointly Administered with Case Nos.: 14-13780 (ES); and 14-13781 (ES)<br><br>Adversary No.: 8:15-ap-01002-ES<br><br>**Order Granting CM7 Capital Partners, LLC and CM EBAR, LLC's Motion for Attorneys' Fees and Costs**<br><br><br><br><br><br>Hearing:<br>DATE:     January 21, 2016<br>TIME:     10:30 a.m.<br>PLACE:   Courtroom 5A<br>              411 West Fourth Street<br>              Santa Ana, California |

On January 21, 2016, at 10:30 a.m., the Honorable Erithe A. Smith, United States Bankruptcy Judge for the Central District of California (the "Court"), held a hearing (the "Hearing") in Courtroom 5A of the United States Bankruptcy Courthouse located at 411 West Fourth Street, Santa Ana, California, to consider the Motion for Attorneys' Fees and Costs (the "Motion") [docket entry no. 112] filed by CM7 Capital Partners, LLC ("CM7") and CM EBAR, LLC ("CM EBAR") (collectively, the "Plaintiffs").  Appearances were made as set forth on the record of the Court at the Hearing.

The Court, having considered the Motion, all declarations, evidence, and pleadings filed in support of the Motion, the opposition (the "Opposition") [docket entry no. 119] to the Motion filed by Evershine VI, L.P. ("Evershine") and all declarations, evidence, and pleadings filed in support of the Opposition by Evershine, Plaintiffs' reply [docket entry no. 122] to the Opposition, the docket in this case, the record in this case, the statements of counsel made on the record at the Hearing, and for good cause appearing, therefor,

**HEREBY ORDERS AS FOLLOWS:**

1. The Motion is granted as set forth in this Order.

2. The Opposition is overruled.

3. Plaintiffs are allowed attorneys' fees and costs in the total amount of $137,911.00.

///

///

///

///

///

///

///

4. Evershine shall pay the total amount of $137,911.00 to CM EBAR, LLC within 60 days of the date of entry of this Order.

5. The Court's tentative ruling attached as Exhibit "1" to this Order is adopted as the Court's ruling, incorporated in this Order as though set forth fully here, and is made a part of this Order.

**IT IS SO ORDERED.**

###

Date: February 3, 2016

Erithe Smith
United States Bankruptcy Judge

# United States Bankruptcy Court
# Central District of California

Santa Ana

Judge Erithe Smith, Presiding

Courtroom 5A Calendar

**Thursday, January 21, 2016**                                                                 **Hearing Room        5A**

<u>10:30 AM</u>
**8:14-13778    S.B. Restaurant Co.**                                                                                     **Chapter 11**
Adv#: 8:15-01002    CM7 Capital Partners, LLC et al v. Evershine VI, L.P.

#28.00    Hearing RE: CM7 Capital Partners, LLC and CM Ebar, LLC's Motion for Attorneys' Fees and Costs

                                    Docket        112

**Courtroom Deputy:**

- NONE LISTED -

**Tentative Ruling:**

**January 21, 2016**

Grant motion in part; deny in part:  Allow attorneys fees and costs in the total amount of $137,911.00, payable within 60 days of entry of the order granting the motion.

This amount reflects a reduction of $87,842.39 as explained below.

<u>Basis for Tentative Ruling</u>:

      On January 5, 2015, CM7 Capital Partners and CM EBAR ("Plaintiffs") filed the underlying adversary proceeding against Evershine, IV ("Evershine") seeking declaratory relief that Debtor SB Restaurant's exercise of an option to extend the term of its lease with Evershine ("Evershine Lease") from April 12, 2015 to April 12, 2020 was valid. *See generally* Compl.  On January 30, 2015, Evershine filed its Answer and Counterclaims against Plaintiffs for declaratory relief, breach of contract, and anticipatory breach.  On August 12, 2015, Plaintiffs filed a motion for summary judgment ("MSJ Motion").  At the hearing on November 12, 2015, the court granted the MSJ Motion in its entirety.

      Subsequently, the court entered a judgment on December 18, 2015 granting Plaintiffs' motion for summary judgment ("Judgment"). Judgment, Docket No. 117.  Judgment was entered in favor of Plaintiffs and against Evershine on the claim for declaratory relief in Plaintiffs' complaint. *Id.*, pg. 2,

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

**Thursday, January 21, 2016**                                                             **Hearing Room**     **5A**

**10:30 AM**
**CONT...**        **S.B. Restaurant Co.**                                                   **Chapter 11**

¶2. The court further decreed that SB Restaurant validly exercised the Option and extended the Lease from April 12, 2015 to April 12, 2020. *Id.*, pg. 2, ¶3. Judgment was further entered in favor of Plaintiffs and against Evershine on the three claims for relief in Evershine's answer and counterclaims, pursuant to which Evershine sought (i) declaratory relief that SB Restaurant's exercise of the Option was not valid; (ii) breach of contract based on Plaintiffs' refusal to vacate the Lease premises by April 12, 2015, and (iii) anticipatory breach of contract for Plaintiffs' refusal to vacate the premises. *Id.*, pg. 2, ¶4. The Judgment also provided the following:

> "Plaintiff are hereby entitled to apply to recover their attorneys' fees and nontaxable expenses from Evershine as provided in section 29.15 of the Lease, Federal Rule of Civil Procedure 54(d)(2) (as incorporated by Federal Rule of Bankruptcy Procedure 7054(b)(2)), and applicable law. Notwithstanding anything in Federal Rule of Civil Procedure 54(d)(2) and Federal Rule of Bankruptcy Procedure 7054(b)(2) to the contrary, as set forth in the Order Approving Stipulation to Vacate Pretrial Conference, Set Hearing and Briefing Schedule on Attorneys' Fees and Costs, and Set Further Case Management Conference, the deadline for Plaintiffs to file any motion to make a claim for attorney's fees and nontaxable expenses shall be December 11, 2015… Plaintiffs are also entitled to seek recovery of costs other than attorneys' fees under Federal Rule of Civil Procedure 54(d)(1) (as incorporated by Federal Rule of Bankruptcy Procedure 7054(b)(1))."

Judgment, pg., 3, ¶6-7.

As a result, on December 11, 2015, Plaintiffs filed the instant motion for attorneys' fees and costs ("Motion"). Plaintiffs believe they are entitled to attorneys' fees and costs pursuant to California Civil Code §1717 and section 29.15 of the Evershine Lease. *See generally* Mot.

<u>Plaintiffs are entitled to attorneys' fees and costs</u>

No general right to attorneys' fees exists under the bankruptcy code. *See, e.g., In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997). Absent a contrary provision in the bankruptcy code, bankruptcy courts look to applicable non-

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

**Thursday, January 21, 2016**                                                    **Hearing Room**      **5A**

<u>10:30 AM</u>
**CONT...**        **S.B. Restaurant Co.**                                              **Chapter 11**

bankruptcy law to determine whether a prevailing party may recover its attorneys' fees. *In re Vidov*, 2014 WL 3766722, *3 (9th Cir. BAP July 31, 2014). California Civil Code ("CCC") §1717 allows a party to recover attorney's fees incurred in the litigation of a contract claim. Cal. Civ. Code § 1717; *see also In re Davison*, 289 B.R. 716, 726 (9th Cir. BAP 2003)(citing *Santisas v. Goodin*, 17 Cal. 4th 599, 615 (1998)). Specifically, CCC §1717 provides the following:

> "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

Cal. Civil Code §1717. CCC § 1717 is narrowly applied and supports an award of attorneys' fees only if the they were incurred in actions involving a contract claim. *In re Davison*, 289 B.R. 716, 724 (9th Cir. BAP 2003); *Santisas v. Goodin*, 17 Cal.4th 599, 615 (1998).

*Prevailing Party*

As a threshold matter, CCC §1717 awards attorneys' fees and costs to the "prevailing party."  Determination of "prevailing party" for the purpose of reciprocal attorney's fees in California is guided by the following:

> "[I]n deciding whether there is a "party prevailing on the contract," the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by "a comparison of the extent to which each party has succeeded and failed to succeed in its contentions."

*In re Brosio*, 505 B.R. 903, 910 (9th Cir. BAP 2014)(*citing Hsu v. Abbara*, 9

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Judge Erithe Smith, Presiding**
**Courtroom 5A Calendar**

**Thursday, January 21, 2016**                                                                                      **Hearing Room        5A**

10:30 AM
**CONT...        S.B. Restaurant Co.                                                                                        Chapter 11**
Cal. 4th 863, 876 (Cal. 1995)).

     Here, it is uncontested that Plaintiffs are the prevailing party. As noted above, judgment was entered in favor of Plaintiffs and against Evershine on the claim for declaratory relief in Plaintiffs' complaint. Judgment, pg. 2, ¶2. The court further decreed that SB Restaurant validly exercised the Option and extended the Lease from April 12, 2015 to April 12, 2020. *Id.* Judgment was further entered in favor of Plaintiffs and against Evershine on the three claims for relief in Evershine's answer and counterclaims. As such, Plaintiffs are the prevailing party.

     *Action on a contract*

     Additionally, as cited above, CCC §1717 authorizes an award of attorney fees "in any action on a contract." The Ninth Circuit, in *Baroff*, held that "California courts liberally construe 'on a contract' to extend to any action '[a]s long as an action 'involves' a contract and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit ....' " *Baroff*, 105 F.3d 439, 442–43 (9th Cir. 1997).

     Here, section 29.15 expressly provides that a prevailing party in an action to enforce the covenants, terms or conditions of the Evershine Lease should recover attorneys' fees and costs. Section 29.15 of the Evershine Lease states:

     "29.15 Legal Expenses. If either party brings or maintains any action (including assertion of any counterclaim or cross-claim, or claim in a proceedings [sic] in bankruptcy, receivership or any other proceeding instituted by a party hereto or by others), or otherwise refers this Lease to an attorney for the enforcement of any of the covenants, terms or conditions of this Lease or otherwise relating to or arising from this Lease, the prevailing party in such action shall, in addition to all other payments required herein, receive from the other, all the costs incurred by the prevailing party including without limitation reasonable attorneys' fees, appraisers', accountants' and other professional fees and such costs and reasonable attorneys' fees which the prevailing party incurred on any appeal or enforcing any judgment."

# United States Bankruptcy Court
## Central District of California
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

**Thursday, January 21, 2016**                                                                 Hearing Room        5A

**10:30 AM**
**CONT...**        **S.B. Restaurant Co.**                                                                                    **Chapter 11**

Covin Decl., Ex. A, pg. 20, §29.15.

In opposition, Evershine attempts to limit the scope of this adversary proceeding by arguing that the disposition of this case involved the rights granted to Debtor and Evershine by the bankruptcy code and was not decided as a result of any particular term identified in the Evershine Lease. Opp., pg. 6, lns 20-22.  However, this argument is not persuasive.

The underlying adversary proceeding was an action based on contract, i.e. the Evershine Lease.  Specifically, Plaintiffs' complaint sought declaratory relief that Debtor SB Restaurant's exercise of an option to extend the term of the Evershine Lease from April 12, 2015 to April 12, 2020 was valid. *See generally* Compl.  To determine the validity, the court had to analyze the terms and covenants of the Evershine Lease.  Pursuant to section 1.1 of the Evershine Lease, the lease term was a minimum of ten and half years plus for successive five year options to extend the term. Covin Decl., Ex. A, pg. 1, §1.1.  The Evershine Lease, in Exhibit F, further described that method in which to exercise the option to extend: "the option shall be exercised only by Tenant's written notice of delivered to Landlord no later than 180 calendar days, and no earlier than 365 calendar days, before the expiration of the then current Lease Term." Covin Decl., Ex. 1, Ex. F.  As a result of Plaintiffs' MSJ Motion, the court found that SB Restaurant validly exercised the option and extended the term of the Evershine Lease to April 12, 2020. Judgment, pg. 2, ¶3.

Likewise, Evershine filed its Answer and Counterclaims against Plaintiffs for declaratory relief, breach of contract, and anticipatory breach. Thus, Evershine's counterclaims were also based on contract.  It is clear that this adversary proceeding involved the "enforcement of any of the covenants, terms or conditions" of the Evershine Lease and Plaintiffs are entitled to attorneys' fees and costs pursuant to section 29.15 of the Evershine Lease and CCC §1717.

<u>Reasonable attorneys' fees and costs</u>

Pursuant to CCC §171(a), reasonable attorney's fees shall be fixed by

United States Bankruptcy Court
Central District of California
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

**Thursday, January 21, 2016**                                                                                                           Hearing Room        5A

10:30 AM
CONT...        S.B. Restaurant Co.                                                                                                            Chapter 11

the court and shall be an element of the costs of suit. Cal. Civ. Code 1717. Through this Motion, Plaintiffs seek recovery of $225,754.39 for attorneys' fees and costs.  Plaintiffs have filed declarations in support of the hourly rates and the number of hours expended in prevailing on their MSJ Motion. *See* Covin Decl.; Fritz Decl.  Plaintiffs have also attached exhibits to these declaration that reflect the time and activities that led to Plaintiffs incurring $206,740.50 in fees and $19,013.89 in expenses. *See* Covin Decl., Ex. B & C; Fritz Decl., Ex. D & E.  It is in the court's discretion to determine whether such attorneys' fees are reasonable and should be fully awarded to Plaintiffs.

   In its opposition, Evershine makes the following arguments to limit the attorneys' fees requested by Plaintiffs: (1) Plaintiffs' fees should be limited to fees associated with filing a Rule 60(b) or Rule 12(b)(6) motion; (2) Plaintiffs' should not be awarded fees associated with opposition Motions to Compel and filing the Motion to Modify the Court's Scheduling Order; (3) Plaintiffs should not be awarded fees associated with the deposition of Paul Potvin; and (4) Plaintiffs' request includes excessive charges for time associated with the MSJ Motion.   As discussed below, these arguments are not persuasive and should be overruled. *See generally* Opp.

   First, Evershine argues that this matter could have been resolved by filing a motion in Debtor's bankruptcy proceeding pursuant to FRCP 60(b) or with a Rule 12(b)(6) motion in this adversary proceeding. Opp., pg. 8, lns 10-13.  Evershine contends that the filing of either of these motions would have cost less than $25,000 and thus, Plaintiffs' fees should be limited to the sum of $25,000. Opp., pg. 8, lns 13-15.  Based on Evershine's argument, it is unclear what order should have been reconsidered.  Nonetheless, a Rule 60(b) motion would not have provided Plaintiffs the desired declaratory relief.  Evershine filed an Objection to the Notice of Effectuation, protesting the assignment of the Evershine Lease as extended.  As a result, FRBP 7001(9) required the Plaintiffs to file an adversary proceeding to seek a declaratory judgment that the Evershine Lease was properly extended.  Similarly, a Rule 12(b)(6) would not have provided Plaintiffs the desired declaratory relief.  A Rule 12(b)(6) motion merely addressed the adequacy of the complaint and whether it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  This type of motion does not address the merits of any claim for

# United States Bankruptcy Court
## Central District of California
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

**Thursday, January 21, 2016**     Hearing Room    5A

10:30 AM
**CONT...**     **S.B. Restaurant Co.**     **Chapter 11**
relief.

      Second, Evershine argues that Plaintiffs should not be awarded fees that are associated with their oppositions to the Motions to Compel and the Plaintiffs' filing of the Motion to Modify the Court's Scheduling Order as they had "no tangible benefit and which was the result of unnecessary adversarial skirmishing…" Opp., pg. 11, lns 10-18.  The court agrees that Plaintiffs should not be awarded fees incurred in connection with Defendant's successful motion to compel discovery or Plaintiffs' unsuccessful motion to compel mediation/modification of the scheduling order.  Further, the motions to compel were necessitated by Plaintiffs' insufficient initial responses to discovery.   Accordingly, the fees and costs regarding the foregoing are disallowed in the amount of $49,992.39

      Third, Evershine contends that Plaintiffs should not be awarded fees associated with the deposition of Paul Potvin as such deposition would have been unnecessary if Plaintiffs had stipulated to the fact that Debtor SB Restaurant was insolvent at the time Debtor exercised its option to extend the Evershine Lease. Opp., pg. 14, lns 6-12.  It was purely in Plaintiffs discretion whether or not to stipulate to an evidentiary fact that was relevant or related to this adversary proceeding.  Even if Plaintiffs had stipulated to such fact, they may have decided to depose Paul Potvin anyway as he was the person most knowledgeable for Debtor SB Restaurant.  Moreover, Evershine cites to an email dialogue between Mr. Standish and Jonathan Covin. Standish Decl., Ex. 6.  This email exchange shows that Mr. Standish, counsel for Evershine, was the one who actually noticed the deposition of Paul Potvin.  As such, this argument is not persuasive as a basis to reduce the attorneys' fees requested by Plaintiffs.

Finally, Evershine believes that Plaintiffs' request includes excessive charges for time associated with the MSJ Motion, i.e., $87,850.00. Opp., pg. 16, lns 26-27.   The court agrees that this amount is excessive in light of the lack complexity of the facts and legal issues.  Moreover, there appeared to be significant duplication of effort as two law firms worked on the MSJ.   The fees in this category are reduced by $37,850 and allowed in the amount of $50,000.

**Party Information**

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Erithe Smith, Presiding
Courtroom 5A Calendar

**Thursday, January 21, 2016**                                                                                       **Hearing Room     5A**

<u>10:30 AM</u>
**CONT...        S.B. Restaurant Co.                                                                                                Chapter 11**

**Counter-Claimant(s):**

    Evershine VI, L.P.                                                   Represented By
                                                                                                      Charles M Standard

**Counter-Defendant(s):**

    CM7 Capital Partners, LLC                                    Represented By
                                                                                                 John-Patrick M Fritz

    CM EBAR, LLC                                                        Represented By
                                                                                                  John-Patrick M Fritz

**Debtor(s):**

    S.B. Restaurant Co.                                                   Represented By
                                                                                                 Jeffrey N Pomerantz
                                                                                                 John W Lucas
                                                                                                  Jason H Rosell

**Defendant(s):**

    Evershine VI, L.P.                                                   Represented By
                                                                                                 Charles M Standard

**Plaintiff(s):**

    CM EBAR, LLC                                                        Represented By
                                                                                                 John-Patrick M Fritz
                                                                                                   Jonathan  Covan

    CM7 Capital Partners, LLC                                    Represented By
                                                                                                 John-Patrick M Fritz
                                                                                                   Jonathan  Covin

**U.S. Trustee(s):**

    United States Trustee (SA)                                      Pro Se

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

4